**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OMOYEMI OMOSALEWA ODESANYA, | No. 07-70662 |
| Petitioner, | Agency No. A079-274-282 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 18, 2011
Pasadena, California

Before: KLEINFELD and GRABER, Circuit Judges, and ZILLY,[**] Senior
District Judge.

The government initiated removal proceedings against Petitioner Omoyemi

Omosalewa Odesanya after she overstayed her visitor visa without authorization.

She conceded removability but applied for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Thomas S. Zilly, Senior United States District Judge for the Western District of Washington, sitting by designation.

protection under the Convention Against Torture ("CAT"). The BIA denied all forms of relief. We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. Cortez-Pineda v. Holder, 610 F.3d 1118, 1121 (9th Cir. 2010).

1. On the asylum claim, Petitioner suffered past persecution in the form of efforts to force her to undergo female genital mutilation (FGM), and she has a well-founded fear of future persecution on the same ground. FGM qualifies as a form of persecution. Mohammed v. Gonzales, 400 F.3d 785, 794–95 (9th Cir. 2005). The record compels a finding that the Nigerian government could not or would not control the attempts by Petitioner's in-laws to mutilate her forcibly in the past and that she faces a reasonable possibility of their future efforts to mutilate her. Violence inflicted by family members can establish eligibility for asylum in this circumstance. See Faruk v. Ashcroft, 378 F.3d 940, 943 (9th Cir. 2004) ("[I]f the government is unable or unwilling to control persecution, it matters not who inflicts it."). The BIA's conclusion that the government met its burden to prove that internal relocation within Nigeria would be "reasonable" with respect to the FGM claim is not supported by substantial evidence in view of the in-laws' relentless pursuit of Petitioner wherever she has gone. See 8 C.F.R. § 1208.13(b)(3) (providing that the government bears the burden of rebutting a

presumption that relocation is unreasonable when an asylum seeker proves past persecution, and requiring adjudicators to consider "all the circumstances of the case"). We therefore grant the petition and remand to the BIA for the Attorney General to exercise his discretion under 8 U.S.C. § 1158(b) whether to grant Petitioner asylum.

2. Petitioner also suffered past persecution on account of her Christian religion. But the BIA's finding that internal relocation would be "reasonable" protection against this form of future persecution is supported by substantial evidence.

3. With respect to withholding of removal, the BIA improperly refused to consider the evidence of abuse inflicted by Petitioner's in-laws. See Faruk, 378 F.3d at 943 (holding that violence inflicted by family members can establish eligibility for relief). We therefore grant the petition on this claim and remand to the BIA for reconsideration under the proper legal standard.

4. Substantial evidence supports the denial of CAT relief. The record does not compel a conclusion that Petitioner more likely than not would face torture if returned to Nigeria.

GRANTED in part; DENIED in part; REMANDED. Petitioner shall be awarded costs on appeal.

3